NOT DESIGNATED FOR PUBLICATION

No. 126,890

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LOWELL LAWRENCE WARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lynn District Court; JEFFRY J. LARSON, judge. Opinion filed November 21, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., CLINE, J., and COURTNEY D. CRAVER, District Judge, assigned.

PER CURIAM: In 2020, a jury convicted Robert Lowell Lawrence Ward of reckless aggravated battery, criminal damage to property, domestic battery, and criminal threat. The severity of his offenses coupled with his criminal history score of A resulted in a prison sentence totaling 136 months. Two years later, Ward filed a motion to correct an illegal sentence asserting that, in light of the holding in *State v. Boettger*, 310 Kan. 800, 822-23, 450 P.3d 805 (2019), which found the crime of reckless criminal threat as defined in K.S.A. 21-5415(a)(1) unconstitutional, it was erroneous to include his 2012 and 2015 convictions for criminal threat in the calculation of his criminal history score for sentencing. The district court denied his motion, and Ward timely appeals.

1

We granted his motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Having reviewed the record, we find no error in the district court's conclusion. Ward's motion was properly denied because his prior convictions were for intentional conduct committed in violation of K.S.A. 21-5415(a)(1), rather than reckless acts. Accordingly, the decision of the district court is affirmed.

In *Boettger*, our Supreme Court held that the reckless criminal threat provision set out under K.S.A. 21-5415(a)(1) was unconstitutionally overbroad. 310 Kan. at 823. But the court expressly distinguished reckless threats from their intentional counterpart and left the latter undisturbed. 310 Kan. at 822-23. The record before us reflects that Ward was convicted of "knowingly . . . and feloniously" communicating a threat "with the intent to place another in fear." The district court found that these convictions were for intentional, not reckless threats, and we agree.

Ward further attempts to obtain a favorable ruling by highlighting *Counterman v. Colorado*, 600 U.S. 66, 80, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023). His reliance on that case does not entitle him to the relief he seeks. The *Counterman* Court held: "The State must show that the defendant consciously disregarded a substantial risk that his communications would be viewed as threatening violence," i.e., proving recklessness is sufficient. 600 U.S. at 69. Again, Ward was convicted for intentional acts that violated K.S.A. 21-5415(a)(1) and as a result, *Counterman* does not apply.

The record supports the conclusion that Ward's 2012 and 2015 convictions were for intentional threats, and thus not subject to exclusion under *Boettger*. Accordingly, the criminal history score of A that the district court relied upon at sentencing was accurate, and his motion to correct an illegal sentence was properly denied.

Affirmed.

2